**Opinion issued August 14, 2025**



**In The**

# Court of Appeals

**For The**

# First District of Texas

————————————

**NO. 01-24-00098-CV**

————————————

**MARY JEANNINE SHORE KUERS, INDIVIDUALLY & SUCCESSOR TRUSTEE FOR THE SHORE IRREVOCABLE TRUST, Appellant**

**V.**

**WILLIAM RICHARD SHORE, JR., Appellee**

---

**On Appeal from the 239th District Court**
**Brazoria County, Texas**
**Trial Court Case No. 91848-CV**

---

## MEMORANDUM OPINION

Appellant Mary Jeanine Shore Kuers, individually and as successor trustee for the Shore Irrevocable Trust, filed suit against Appellee William Richard Shore, Jr., then the trustee of the Shore Irrevocable Trust. Kuers alleged breach of fiduciary duty, conversion, and declaratory and injunctive relief. During the

course of the litigation, the trial court awarded Kuers $8,224.20 in attorneys' fees plus costs for successfully prosecuting a motion to compel against Shore. Nearly a year later, the trial court issued a final judgment awarding Kuers $4,725.00 in economic damages on her breach of fiduciary duty claim. The final judgment did not award prejudgment or post-judgment interest, even though Kuers pleaded for both.[1]

In two issues, Kuers argues the trial court abused its discretion in failing to award prejudgment and post-judgment interest in the final judgment. We reverse and remand to the trial court for a calculation of post-judgment interest. We affirm the trial court's judgment in all other respects.[2]

## Background

William Richard Shore, Jr. was named trustee of the Shore Irrevocable Trust, a trust established by his mother Betty Lee Shore in June 2016. He was removed as trustee in 2017. That same year, Mary Jeanine Shore Kuers, the successor trustee of the Shore Irrevocable Trust, sued Shore asserting claims for breach of fiduciary duty, conversion, and declaratory and injunctive relief. As part of her prayer for relief, Kuers requested the recovery of "prejudgment and post-judgment interest as allowed by law."

---

[1] The petition in intervention is not in the record.

[2] Neither party appeals the merits of the judgment.

2

During the course of the litigation, the Estate of Betty Lee Shore intervened and moved to compel Shore to respond to certain discovery. The trial court granted the motion to compel and on December 12, 2022, it awarded Kuers $6,000.00 in attorneys' fees and $2,244.20 for costs associated with the successful prosecution of the motion to compel. One year later, after a bench trial, the trial court signed a final judgment dated November 8, 2023, finding in favor of Kuers on her breach of fiduciary duty claim and awarding Kuers $4,725.00 in economic damages.[3]

Kuers filed a Motion for New Trial and in the Alternative, a Motion to Modify Judgment ("Motion for New Trial"). Among other things, Kuers argued she was entitled to a new trial because (1) the actual damages were "manifestly too small in light of the uncontroverted facts at trial" and the trial court's determination that Shore committed breach of fiduciary duty, (2) she was entitled to exemplary damages because of Shore's gross negligence, and (3) she was entitled to attorneys' fees. In requesting that the court modify the final judgment, Kuers argued for sixteen mostly substantive modifications, including one awarding

---

[3] The trial court found Shore was not liable for conversion and that Kuers was not entitled to declaratory relief. The record lacks any indication as to the disposition of Kuers' claim for injunctive relief.

prejudgment interest and one awarding post-judgment interest.[4]  After a hearing, the trial court denied the Motion for New Trial.[5]

This appeal ensued.

## Prejudgment Interest

In her first issue, Kuers argues the trial court abused its discretion in failing to award prejudgment interest.

## A.    Standard of Review and Applicable Law

An award of prejudgment interest may stem from one of two sources: (1) general principles of equity or (2) an enabling statute. *Fortitude Energy, LLC v. Sooner Pipe LLC*, 564 S.W.3d 167, 188 (Tex. App.—Houston [1st Dist.] 2018, no pet.); *Hoelscher v. Kilman*, No. 03-04-00440-CV, 2006 WL 358238, at *5 (Tex. App.—Austin Feb. 16, 2006, no pet.) (mem. op.) (citing *Johnson & Higgins, Inc. v. Kenneco Energy*, 962 S.W.2d 507, 528 (Tex. 1998)).  The Finance Code contains three enabling statutes relevant for prejudgment interest, but these statutes

---

[4]    In her brief in support of her Motion to Modify the Judgment, Kuers argued only with respect to pre- and post-judgment interest that both were required pursuant to the Texas Finance Code.

[5]    There was no substantive argument regarding pre- or post-judgment interest during the hearing on the Motion for New Trial.  Kuers merely stated:

> And then the other piece that needs to be included, of course, the prejudgment and the post judgment interest needs to be included in the judgment so that a writ can be obtained on those items.

Later, when the court inquired of Shore's counsel whether he thought modification to the judgment was required so "to award prejudgment and post-judgment interest," Kuers' attorney responded only that prejudgment interest had been requested.  There was no other argument advanced.

4

only apply to claims for wrongful death, personal injury, or property damage, *see* TEX. FIN. CODE § 304.101, condemnation cases, *see id.* § 304.201, and credit transactions, *see id.* §302.002. *See Bierscheid v. JPMorgan Chase Bank*, 606 S.W.3d 493, 544 (Tex. App.—Houston [1st Dist.] 2020, pet. denied). No statute authorizes an award of prejudgment interest for claims involving breach of fiduciary duty. *Holliday v. Weaver*, No. 05-15-00490-CV, 2016 WL 3660261, at *2 (Tex. App.—Dallas July 7, 2016, no pet.) (mem. op.).

"Where no statute controls, the decision to award prejudgment interest is left to the sound discretion of the trial court." *Id.*; *see also Hoelscher*, 2006 WL 358238, at *5 ("If no statute requires pre-judgment interest to be awarded, a court has the discretion to award pre-judgment interest if it determines an award is appropriate based on the facts of the case.");[6] *Bierscheid*, 606 S.W.3d at 544 (noting appellate courts review trial court's decision regarding award of prejudgment interest for abuse of discretion). A trial court abuses its discretion if it acts "without reference to guiding rules or principles or in an arbitrary or unreasonable manner." *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (citing *In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (orig. proceeding)).

---

[6] *See, e.g.*, *Dernick Res., Inc. v. Wilstein*, 471 S.W.3d 468, 488 (Tex. App.—Houston [1st Dist.] 2015, pet. denied) (affirming award of prejudgment interest based on court's analysis "of all the equitable principles involved" in case where damages were awarded for breach of fiduciary duty).

5

**B.     Analysis**

Kuers globally argues the trial court abused its discretion in failing to award prejudgment interest in the final judgment, but she does not explain how the trial court abused its discretion, or why "general principles of equity" required the award of prejudgment interest in her case. *See Fortitude Energy*, 564 S.W.3d at 188. She argues only that because she pled for prejudgment interest, she was entitled to prejudgment interest in addition to the damages awarded by the trial court.[7] We disagree.

Having reviewed the record, we cannot conclude the trial court's decision "was so arbitrary or unreasonable to amount to a clear error of law." *See Hoelscher*, 2006 WL 358238, at *6 (holding trial court did not abuse discretion in failing to award prejudgment interest on contract damages); *Campbell v. Luong*, No. 04-16-00460-CV, 2017 WL 3044591, at *8 (Tex. App.—San Antonio July 19, 2017, pet. denied) (mem. op.) (holding trial court did not abuse discretion in failing to award prejudgment interest, noting "trial court could have determined that Luong's recovery of actual damages, additional damages, and attorney's fees was adequate compensation").

We overrule Kuers' first issue.

---

[7]     Kuers did not argue in her Motion for New Trial or in her brief in support of her Motion to Modify the Judgment that equitable principles or any enabling statute entitled her to prejudgment interest.

**Post-judgment Interest**

In her second issue, Kuers argues the trial court abused its discretion in failing to award post-judgment interest.

**A.     Standard of Review and Applicable Law**

Post-judgment interest "accrues automatically and is recoverable even if not specifically awarded in the judgment." *Accent Builders, Inc. v. Session*, No. 05-23-00675-CV, 2024 WL 3100696, at *5 (Tex. App.—Dallas June 24, 2024, no pet.); *see also Waste Mgmt. of Tex., Inc. v. Tex. Disposal Sys. Landfill, Inc.*, No. 03-10-00826-CV, 2014 WL 6705741, at *2 (Tex. App.—Austin Nov. 14, 2014, no pet.) (mem. op.) ("Under the Finance Code, post-judgment interest is mandatory for every money judgment awarded by a court.").[8]  As the Texas Supreme Court has explained, "post-judgment interest is simply compensation for a judgment creditor's lost opportunity to invest the money awarded as damages at trial." *Miga v. Jensen*, 96 S.W.3d 207, 212 (Tex. 2002).

The determination of when post-judgment interest begins to accrue is a matter of statutory interpretation and interpretation of the rules of procedure, which we review de novo. *Long v. Castle Tex. Prod. Ltd. P'ship*, 426 S.W.3d 73, 78 (Tex. 2014).

---

[8]     *See* TEX. FIN. CODE § 304.001 ("A money judgment of a court in this state must specify the postjudgment interest rate applicable to that judgment.").

**B.      Discussion**

Kuers argues she is entitled to post-judgment interest on (1) her compensatory damage award of $4,725.00; (2) the prejudgment interest of $2,597.91 on that award; (3) the award for $8,224.20 for attorneys' fee and costs in connection with the Motion to Compel; and (4) prejudgment interest of $633.94 on that award.  We agree in part.  While we conclude that Kuers is entitled to post-judgment interest, we disagree with her computation.

We have already concluded the trial court did not abuse its discretion in declining to award prejudgment interest.  Thus, prejudgment interest should not be included in the calculation of any post-judgment interest to which Kuers is entitled.  Further, we agree with Shore that the date from which post-judgment interest should be calculated for all money owed is November 8, 2023—the date of the Final Judgment—and that the amount upon which post-judgment interest should be calculated is $12,949.20, which comprises the compensatory damage award of $4,725.00 and the $8,224.20 award for attorneys' fees and costs incurred with respect to the Motion to Compel.[9]

---

[9]      The parties agree that the December 12, 2022 award of attorneys' fees and costs merged into the November 8, 2023 final judgment.  The parties also agree that postjudgment interest should be calculated beginning on November 8, 2023.

We sustain Kuers' second issue to the extent she argues she is entitled to post-judgment interest, but we do not adopt her calculation of post-judgment interest due.

We remand to the trial court for a calculation of post-judgment interest from November 8, 2023. *See Cotter v. Tobey*, No. 04-04-00082-CV, 2005 WL 291462, at *1 (Tex. App.—San Antonio Feb. 9, 2005, no pet.) (mem. op.) (affirming damage award and remanding to trial court for calculation of post-judgment interest); *Long v. Lopez*, 115 S.W.3d 221, 229 (Tex. App.—Fort Worth 2003, no pet.) (remanding for calculation of post-judgment interest, among other things); *Peterson Grp., Inc. v. PLTQ Lotus Grp., L.P.*, 417 S.W.3d 46, 66 (Tex. App.—Houston [1st Dist.] 2013, pet. denied) (same).

## Conclusion

We reverse the trial court's judgment to the extent it excludes post-judgment interest, and we remand to the trial court for a calculation of post-judgment interest. We affirm the remainder of the judgment.


Veronica Rivas-Molloy
Justice

Panel consists of Justices Rivas-Molloy, Guiney, and Morgan.